**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

Turner Envirologic, Inc.,

    *Plaintiff*,

v.

PSE&G Fossil, LLC et al,

    *Defendants*.

Civil Action No. 12-5948 (JMV) (JBC)

**OPINON**

**John Michael Vazquez, U.S.D.J.**

    This case comes before the court on PSE&G Fossil LLC and PSE&G New Haven, LLC's (collectively, "PSE&G" or "Defendants") motion for partial summary judgment. The underlying dispute between Turner Envirologic, Inc. ("Plaintiff" or "Turner") concerns equipment Defendants purchased from Plaintiffs for locations in Kearny, New Jersey and New Haven, Connecticut. The Court reviewed the parties' submissions, and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion is **DENIED**.

    **I.**    **Background & Procedural History**

    The relevant facts have been taken from the parties' respective statements of material fact, the amended complaint, and declarations annexed to various submissions. D.E. 20, 112-1, 116.[1] The issues in this case stem from two agreements between the parties: one signed on July 23, 2010, whereby Turner agreed to "design, fabricate and deliver" equipment to PSE&G's

---

[1] Plaintiff's Statement of Undisputed Material Facts will be referred to as Plaintiff's SOMF. Defendant's Statement of Material Facts will be referred to as Defendant's SOMF.

Kearny location ("Kearny Agreement") and the second, also signed on July 23, 2010, whereby Turner agreed to deliver equipment to PSE&G's New Haven location ("New Haven Agreement"). Defendant's SOMF at ¶¶1, 7, D.E. 112-4, Exs. 1 & 2 to the Declaration of Thomas M. McNulty Submitted in Support of Defendant's Motion for Partial Summary Judgment (hereinafter "McNulty Decl."). Both agreements contained clauses concerning liquidated damages should the equipment not be delivered on time, and both required Turner to procure professional liability insurance with a minimum limit of $5,000,000. Defendant's SOMF at ¶¶3, 9, 13.

The purchase price in the Kearny Agreement was $8,129,885, and $7,467,574 in the New Haven Agreement, for a combined price of $15,597,495 (excluding other fees and additional purchases). *See* Ex. 1 & 2 to the McNulty Decl. Article 37.3 of both the Kearny and New Haven Agreements provide that if the equipment and materials were not delivered on time, Turner was to pay PSE&G $3,000.00 per day in liquidated damages. *Id.* Listed in both Agreements, were "Early Delivery" and a "Late Delivery" dates by which Turner was to deliver equipment to the PSE&G locations. *Id.* On August 25, 2011, PSE&G notified Turner that both the Kearny and New Haven sites were being shut down because of an impending storm, Hurricane Irene, which ultimately caused the Governor of New Jersey to declare a state of emergency. *See* Ex. E to the Declaration of Thomas Turner in Support of Plaintiff's Response to Partial Summary Judgment (hereinafter "Turner Decl."), at ¶¶16-17.

Plaintiff stipulated that it delivered the equipment to the Kearny location between October 12 and October 31, 2011, although the equipment was to be delivered by August 25, 2011 pursuant to the Kearny Agreement. *See* Exs. 1-3 to McNulty Decl. Plaintiff stipulated that it delivered the equipment to the New Haven location between September 12 and November 11,

2011, although it was to be delivered by August 15, 2011 under the New Haven Agreement. *Id.* Turner has also admitted that it only procured one insurance policy for $5,000,000, rather than two (one for each agreement, for a combined $10,000,000). Defendant's SOMF at ¶15, Ex. 5 to McNulty Decl. However, Plaintiff has not admitted that the equipment was delivered "late," rather they contend that the delivery dates were changed at the agreement of both parties after PSE&G triggered the force majeure clauses in the Agreements. *See* Turner Decl. at ¶¶4, 7. Plaintiff alleges that as of the filing of the Complaint, PSE&G owes $3,252,239.38 under both agreements ($1,990,037.26 for the Kearny equipment and $1,262,202.12 for the New Haven equipment). *See* D.E. 20, First Amended Complaint and Jury Demand, (hereinafter "Amended Complaint" or "Compl.") at ¶¶16, 28.

Plaintiff filed its original Complaint on September 21, 2012. D.E. 1. On March 18, 2013, Turner filed an Amended Complaint, setting forth several causes of action, including breach of contract, goods sold, open account, and unjust enrichment. D.E. 20. PSE&G Fossil LLC answered, asserting affirmative defenses and counterclaims on April 12, 2013. D.E. 22. PSE&G New Haven LLC filed their own Answer asserting affirmative defenses and counterclaims on the same day. D.E. 23. Plaintiff answered all counterclaims on May 3, 2013. D.E. 27, 28. In their amended Answer, filed February 25, 2014, PSE&G Fossil LLC asserted counterclaims for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of express warranty, breach of the implied warranty of merchantablity, breach of the implied warranty of fitness for a particular purpose, and professional negligence. D.E. 40. Turner filed an Answer to PSE&G's counterclaim on August 1, 2015. D.E. 74. The parties stipulated on February 17, 2016 to the dismissal of Plaintiffs professional negligence claims against Defendants. *See* D. E. 92.

Defendants filed the instant motion on January 20, 2017. D.E. 112. Turner filed its opposition on February 10, 2017. D.E. 114. Defendants replied on February 17, 2017. D.E. 117. After reviewing the briefs submitted by the parties, the Court requested additional briefing on the issue of Defendants' performance under the contracts. D.E. 124. The parties submitted letter briefs in response on November 13, 2017. D.E. 126, 127.

## II.    Standard of Review

Summary judgment is proper where the moving party "shows that there is no genuine dispute as to any material fact," and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Abraham v. Raso*, 183 F.3d 279, 287 (3d Cir. 1999). A fact in dispute is material when it "might affect the outcome of the suit under the governing law" and is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude granting a motion for summary judgment. *Id.* "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)). A court's role in deciding a motion for summary judgment is not to evaluate the evidence and decide the truth of the matter but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After the moving party adequately supports its

motion, the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). To withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict the moving party. *Anderson*, 477 U.S. at 250. "[I]f the non-movant's evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment." *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477 U.S. at 249-50)).

Ultimately, there is "no genuine issue as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322. "If reasonable minds could differ as to the import of the evidence," however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250-51.

### III. Analysis

Neither party contests that New Jersey law governs their competing breach of contract claims. *See* Brief in Support of PSE&G Fossil LLC and PSE&G New Haven LLC's Motion for Partial Summary Judgment, (hereinafter "Defendant's Brief") at 7; Brief in Support of Turner Envirologic, Inc.'s Response to Motion for Partial Summary Judgment, (hereinafter "Opposition Brief") at 4. To state a claim for breach of contract in New Jersey, the non-breaching party must show: (1) a valid contract between plaintiff and defendant; (2) defendant's breach; (3) plaintiff performed his obligations; and (4) plaintiff was damaged as a result of defendant's breach. *See Goen Technologies Corp v. NBTY, Inc.*, 2007 WL 2595753, at *2 (D.N.J. Sep. 4, 2007) (citing New Jersey law); *Webb v. Krudys*, 2017 WL 3397029, at *3 (D.N.J. Aug. 8, 2017) (same, citing *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007)); *Sync Labs LLC v. Fusion*

5

*Manufacturing*, 2016 WL 6802479, at *9 (D.N.J. Nov. 16, 2016) (same). As noted, in its Amended Complaint, Plaintiff asserts claims for breach of contract. Moreover, in Turner's answer to PSE&G's counterclaim, its Thirteenth Affirmative Defense is that "PSE&G's claims are barred or diminished based upon its breach of the subject contractual agreements." *See* D.E. 74.

As indicated, a party's performance under a contract is an element necessary to establish that other side breached. Thus, while Defendants made the current motion concerning Plaintiff's breach of certain terms of the contract, Defendants did not make a motion for summary judgment on Plaintiff's breach of contract claims. In fact, Defendants did not address the issue at all.

As a result, the Court requested additional briefing on this issue, and in Defendant's letter brief, they cite to three cases: *CPS MedManagement LLC v. Bergen Regional Medical Center, L.P.*, *Vasaturo Bros., Inc. v. Alimenta Trading-USA, LLC*, and *Barefoot v. Wellness Publishing*. D.E. 127, 940 F.Supp.2d 141 (D.N.J. 2013); 2011 WL 3022440 (D. N.J. July 22, 2011); 2009 WL 4143110 (D.N.J. Nov. 17, 2009). All three are distinguishable.

Notably, while the court in *CPS* did grant plaintiff's motion for summary judgment on the breach of contract claim, it also stayed entry of judgment on that claim pending resolution of the competing claim made by defendants. *See CPS*, 940 F.Supp.2d at 153. Additionally, the court in *CPS* found there was no conflicting evidence on the issue of the invoices, unlike the competing evidence presented by the parties here. *Vasaturo Bros.* dealt with severable installment contracts, which is a fundamentally different agreement than the ones at bar, and in *Barefoot*, summary judgment was denied on all counts but one, where defendant had not opposed plaintiff's motion. *See Vasaturo*, 2011 WL 3022440, at *3, and *Barefoot*, 2009 WL 4143110, at *9.

Thus, Defendants' motion fails because they have not established a necessary element: that they have performed under the agreements. In fact, the Amended Complaint alleges that Defendants breached of the contracts. Thus, the Court denies their motion for summary judgment.

### IV. Conclusion

For the reasons stated above, Defendant's motion for partial summary judgment is **DENIED**. An appropriate Order accompanies this Opinion.

Dated: November 22, 2017

*[signature]*
John Michael Vazquez, U.S.D.J.